IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BWX TECHNOLOGIES, INC., Plaintiffs, | ) | No. 04-0096C |
| v. | ) | (Judge Lettow) |
| UNITED STATES OF AMERICA, Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. Admits the allegations contained in the first sentence of paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph one. Denies the allegations contained in the second sentence of paragraph 1.

2. Denies the allegation contained in the first sentence of paragraph 2 that plaintiff has "paid all fees required to date" for lack of information or knowledge sufficient to form a belief as to their truth; avers that, according to the Department of Energy's records, it appears that, to date, plaintiff has made only a single fee payment of $3,506; further avers that, pursuant to Article XV of its contract, the parties agreed that, in the event of certain conditions, "the fee provisions of this contract shall be appropriately amended to reflect the nature of the SNF and/or HLW to be disposed of, and the Department's programmatic requirements, consistent with the Nuclear Waste Policy Act of 1982;" further avers that the fee provisions of plaintiff's contract have not yet been amended to reflect additional fees; denies the remaining allegations contained in the first sentence of paragraph 2. Denies the allegations contained in the second sentence of paragraph 2.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiff's

characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Admits.

7. Admits the allegations contained in paragraph 7 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Denies the allegations contained in the first sentence of paragraph 12 for lack of

knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 12 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of information or knowledge sufficient to for a belief as to their truth.

13. The allegations contained in paragraph 13 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained in the first sentence of paragraph 14 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second sentence of paragraph 14 to the extent supported by the Annual Capacity Reports and Delivery Commitment Schedule Instructions, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 14. The allegations contained in the third sentence of paragraph 14 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the fourth sentence of paragraph 14. The allegations contained in the fifth sentence of paragraph 14 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. Admits the allegations contained in paragraph 16 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in the first sentence of paragraph 17 to the extent supported by the petitions cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 17. Admits the allegations contained in the second sentence of paragraph 17 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph17. Admits the allegations contained in the third sentence of paragraph 17 to the extent that, on June 3, 1997, the Department of Energy informed contract holders that it viewed its inability to accept spent nuclear fuel under the Standard Contract beginning January 31, 1998, as an "unavoidable delay" under Article IX.A. of the Standard Contrat; otherwise denies the allegations contained in the third sentence of paragraph 17. Admits the allegations contained in the fourth sentence of paragraph 17 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 17.

18. The allegations contained in paragraph 18 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. The allegations contained in paragraph 21 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25. The allegation contained in paragraph 25 is a conclusion of law and plaintiff's characterization of this action to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

26. Admits the allegations contained in paragraph 26 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Denies the allegation contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to its truth; avers that, according to the Department of Energy's

records, it appears that, to date, plaintiff has made only a single fee payment of $3,506; further avers that, pursuant to Article XV of its contract, the parties agreed that, in the event of certain conditions, "the fee provisions of this contract shall be appropriately amended to reflect the nature of the SNF and/or HLW to be disposed of, and the Department's programmatic requirements, consistent with the Nuclear Waste Policy Act of 1982;" further avers that the fee provisions of plaintiff's contract have not yet been amended to reflect additional fees.

28. The allegations contained in paragraph 28 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

31. Admits the allegations contained in paragraph 31 to the extent supported by the contract referred to, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. The allegations contained in paragraph 32 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be

deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 38, or to any relief whatsoever.

40. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Victoria L. Strohmeyer
VICTORIA L. STROHMEYER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-9640
Fax: (202) 514-8640

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

April 30, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 30th day of April 2004, a copy of foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Victoria L. Strohmeyer